LORRAINE FLUHARTY & others *vs.* BOARD OF SELECTMEN OF
HARDWICK & others[1]
(and two companion cases[2]).

Worcester. September 11, 1980. — December 1, 1980.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Sewer. Municipal Corporations,* Sewers, By-laws and ordinances.
*Health, Board of.*

A local board of sewer commissioners has no authority under G. L. c. 83,
§ 10, to require a property owner to connect a building to a common
sewer; that power has been explicitly granted to the local board of
health under c. 83, § 11. [15-17]
A town clerk was required to submit to the Attorney General pursuant to
G. L. c. 40, § 32, a vote of a special town meeting that "property will
not be required to connect to the public sewer system" if the owner ob-
tains from the board of health a certificate of adequacy of his private
disposal system. [17]

CIVIL ACTIONS commenced in the Superior Court Depart-
ment on July 24, 1979, August 8, 1979, and August 27,
1979, respectively.

The cases were heard by *Brogna, J.*

The Supreme Judicial Court granted a request for direct
appellate review.

*Francis J. Cranston,* Town Counsel, for the Board of
Selectmen of Hardwick & others.

*Vincent Pusateri* for Lorraine Fluharty & others.

*Charles B. Swartwood, III,* for F. Frederick McCarthy &
others.

[1] The board of health and town of Hardwick.

[2] F. Frederick McCarthy & others *vs.* Board of Selectmen of Hardwick;
Lorraine Fluharty & others *vs.* Town Clerk of Hardwick.

BRAUCHER, J.   The main issue presented by these appeals is whether the board of sewer commissioners of a town has authority under G. L. c. 83, § 10, to require a property owner to connect a building to a common sewer.  A judge of the Superior Court ruled that G. L. c. 83, § 11, gives that power to the local board of health, and that the board of sewer commissioners does not have the same power.  He also ordered the town clerk to transmit to the Attorney General as a "by-law" subject to G. L. c. 40, § 32, a vote of the town meeting on the subject of sewer connections. We affirm the judgments entered in the Superior Court.

The plaintiffs are homeowners and a corporate property owner in the town of Hardwick.  In May, 1979, the board of selectmen, acting as the board of sewer commissioners, directed them to make arrangements to connect their sewage drains to a public sewer.  In June, 1979, at a special town meeting, the voters of the town passed a vote that "property will not be required to connect to the public sewer system" if the owner obtains from the board of health a certificate of adequacy of his private disposal system.  In July and August, 1979, the plaintiffs filed three complaints seeking declaratory and injunctive relief against the board of sewer commissioners, the board of health, the town, and the town clerk.  The cases were heard on statements of agreed facts showing that the board of health has not required the sewer connections in issue, and judgments were entered awarding the plaintiffs the relief sought.  The defendants appealed, and we allowed their application for direct appellate review.

The board of sewer commissioners acted pursuant to regulations adopted by them in April, 1975, on the supposed authority of G. L. c. 83, § 10,[3] providing for "rules and reg-

[3] General Laws c. 83, § 10, as appearing in St. 1964, c. 736, § 3, states: "A city, town or sewer district may, from time to time, prescribe rules and regulations regarding the use of common sewers to prevent the entrance or discharge therein of any substance which may tend to interfere with the flow of sewage or the proper operation of the sewerage system and the treatment and disposal works, for the connection of estates and buildings

ulations . . . for the connection of . . . buildings with sewers." Under G. L. c. 83, § 11,[4] the board of health "may require" the owner of a building on land abutting a way in which there is a common sewer "to connect the same therewith by a sufficient drain." If the town has appropriated money for connections with common sewers, the board or officer in charge of repair and maintenance of sewers "shall make such connection" upon an order of the board of health or on the application of the owner. G. L. c. 83, § 3. "Shall" in § 3 is not to be construed as "may": upon a showing of reasonable sewer capacity to serve the buildings in question, the owners have "a right to the connections." *Clark* v. *Water & Sewer Comm'rs of Norwood,* 353 Mass. 708, 710-711 (1968). See *P & D Serv. Co.* v. *Zoning Bd. of Appeals of Dedham,* 359 Mass. 96, 103 (1971).

Local boards of health "may make and enforce regulations for the public health and safety relative to house drainage and connection with common sewers, if such a sewer abuts the estate to be drained." G. L. c. 111, § 127, as amended through St. 1963, c. 148, § 2. We have reviewed the reasonableness of such regulations, *Holden* v. *Holden Suburban Supply Co.,* 343 Mass. 187, 190-191 (1961). The board cannot authorize a violation of a valid ordinance or by-law. See *Kelley* v. *Board of Health of Peabody,* 248 Mass. 165, 169 (1924). We have upheld a zoning ordinance requiring sewer connections for certain

with sewers, for the construction, alteration, and use of all connections entering into such sewers, and for the inspection of all materials used therein; and may prescribe penalties, not exceeding twenty dollars, for each violation of any such rule or regulation. Such rules and regulations shall be published at least once a week for three successive weeks in a newspaper published in the city or town if there be any, and if not, then in a newspaper published in the county, and shall not take effect until such publications have been made."

[4] General Laws c. 83, § 11, states: "The board of health of a town may require the owner or occupant of any building upon land abutting on a public or private way, in which there is a common sewer, to connect the same therewith by a sufficient drain, and such owner or occupant who fails to comply with such order shall be punished by a fine of not more than two hundred dollars."

commercial uses on the ground that the health statutes did not preclude "appropriate, more specific and stringent health protection measures in a zoning ordinance adopted pursuant to G. L. c. 40A." *Decoulos* v. *Peabody*, 360 Mass. 428, 429 (1971). In the absence of an appropriate health and safety measure requiring a sewer connection, however, we seem to have assumed that the use of the common sewer is a matter for decision by the owner. See *Carson* v. *Sewerage Comm'rs of Brockton*, 175 Mass. 242, 244 (1900), aff'd, 182 U.S. 398 (1901); *O'Brien* v. *Worcester*, 172 Mass. 348, 354-355 (1899); *Wright* v. *Boston*, 9 Cush. 233, 237 (1852).

We think the public health and safety are fully protected by the explicit power granted to the board of health by G. L. c. 83, § 11. The power of the sewer commissioners under § 10 is naturally read as relating to the manner of connecting rather than the requirement of connection, and § 3 seems to confirm that reading. Extension of that power by implication would produce an unnecessary overlap with the power of the board of health, with attendant possibilities of confusion and conflict. Cf. *Board of Pub. Works of Wellesley* v. *Selectmen of Wellesley*, 377 Mass. 620, 627-629 (1979) (retention of separate counsel). Thus we conclude that the sewer commissioners did not have the authority claimed.

The agreed facts disclose that the town constructed its waste water treatment facility under the compulsion of a court order, and suggest that charges and assessments for construction, maintenance, and use of the facility precipitated the dispute between the parties. No question is presented, however, with respect to such charges and assessments. See, e.g., *Stepan Chem. Co.* v. *Wilmington*, 8 Mass. App. Ct. 880 (1979), and cases cited.

The vote of the town in June, 1979, with reference to sewer connections does not in terms amend the by-laws of the town or otherwise refer to those by-laws, and the town clerk has refused to submit the vote to the Attorney General pursuant to G. L. c. 40, § 32. The judge ruled that the vote is a "by-law," and one of the judgments appealed from

orders the town clerk to comply with that statute. The defendants deny the validity of the vote on the ground that it conflicts with the statutory authority of the sewer commissioners. Since we hold that the sewer commissioners do not have the authority claimed, the judgment directing compliance with G. L. c. 40, § 32, is affirmed.

*Judgments affirmed.*