TOWN OF UXBRIDGE *vs.* JOANNE TRAVERS & others.[1] January 22, 1985. *Municipal Corporations,* Ordinances and by-laws, Home rule, Sewer. *Constitutional Law,* Home Rule Amendment.

The 1979 town meeting of Uxbridge adopted a by-law, § 3 of which reads, "The owner or occupant of any building upon land abutting on a public or private way, in which there is a common sewer, shall within two years, connect the same therewith by a sufficient drain. A variance from this requirement may be granted by the [b]oard of [h]ealth on the following conditions: A. That said land, by reason of its grade or level or any other cause cannot be drained into such sewer, until such incapacity is removed and, further, provided that a private septic system is installed which meets the requirements of the [b]oard of [h]ealth, said variance to be only for so long as said system continues to meet those requirements as they may be amended or revised." Other provisions of the by-law deal with the calculation, assessment, and collection of sewer fees. General Laws c. 83, § 10 (as appearing in St. 1964, c. 736, § 3), allows each town to "prescribe rules and regulations . . . for the connection of estates and buildings with sewers," and § 11 provides (in part) that the "board of health of a town may require the owner or occupant of any building upon land abutting on a public or private way, in which there is a common sewer, to connect the same therewith by a sufficient drain . . . ."

The town brought this complaint seeking an injunction requiring certain landowners (of the type described in the by-law) to connect their buildings to the public sewer in the public way adjoining their respective parcels. Although the case was dismissed against some defendants who brought their properties into compliance with the by-law, a Superior Court judge correctly ordered summary judgment for the town against other defendants, who had not complied. The facts are not in dispute.

The Uxbridge by-law is a valid exercise of the legislative powers which the town may employ under arts. 2 and 89 (the Home Rule Amendment) of the Amendments to the Constitution of the Commonwealth, and under

---

[1] Certain other property owners in Uxbridge owning land with buildings thereon whose land abutted on a public way containing a public sewer.

G. L. c. 43B, § 13. Every presumption is to be made in favor of the validity of the by-law. See *Marshfield Family Skateland, Inc.* v. *Marshfield,* 389 Mass. 436, 440-441 (1983). We perceive no respect in which the by-law runs counter to the general legislative policy set forth in G. L. c. 83, § 11. See *Decoulos* v. *Peabody,* 360 Mass. 428, 429-430 (1971, where a similar regulation by a zoning ordinance was upheld). See also *Filippone* v. *Mayor of Newton,* 392 Mass. 622, 630 (1984). The case of *Fluharty* v. *Selectmen of Hardwick,* 382 Mass. 14, 15-18 (1980), upon which the landowners largely rely, did not rest upon a town by-law, but rather upon regulations adopted by town sewer commissioners. Chapter 83, § 11, thus had direct application. Under that statute the commissioners could not have ordered the sewer connection. The action, to be valid, should have been taken by the town's board of health. The *Fluharty* decision is thus distinguishable.

*Judgments affirmed.*

*Charles B. Swartwood, III,* for the defendants.

*Henry J. Lane,* Town Counsel (*Shelli C. Elfenbein* with him) for the town of Uxbridge.