TOWN OF WINTHROP & another[1] vs. WINTHROP HOUSING
AUTHORITY.

No. 88-P-222.

Suffolk. June 5, 1989. — August 2, 1989.

Present: GREANEY, C.J., KASS, & WARNER, JJ.

*Sewer. Municipal Corporations*, Sewers, Fees. *Taxation*, Sewer assessment.

Annual charges for the use of a town's common sewer system, assessed
against property owners who elected to connect their particular sewers
and based on a percentage of yearly metered water consumption, did
not constitute either a tax or a special assessment from which a housing
authority was exempt under provisions of G. L. c. 121B, § 16. [646-648]

CIVIL ACTION commenced in the Superior Court Department
on December 23, 1986.

The case was heard by *Robert S. Prince*, J., on a motion
for summary judgment.

*Steven T. Alpert* for the defendant.

*Thomas J. Hobin, Jr.*, for the town of Winthrop & another.

WARNER, J. Acting pursuant to G. L. c. 83, § 16, as amended
by St. 1961, c. 311,[2] the board of selectmen of the town of
Winthrop (town), acting as the board of sewer commissioners
(board), established annual charges for the use of the town's
common sewer system. Those charges were assessed against
property owners who connected a particular sewer.[3] The Win-

---

[1] The board of selectmen of the town of Winthrop, acting as the board
of sewer commissioners.

[2] "The aldermen of any city or the sewer commissioners, selectmen or
road commissioners of a town, may from time to time establish just and
equitable annual charges for the use of common sewers, which shall be
paid by every person who enters his particular sewer therein. The money
so received may be applied to the payment of the cost of maintenance and
repairs of such sewers or of any debt contracted for sewer purposes."

[3] The town apparently adopted the sewer use charge system in order to
comply with the terms of a grant from the United States Environmental

throp Housing Authority (authority) operates five multi-unit housing projects in the town and connects each to the common sewers. The authority has refused to pay the town's charges, claiming that they constitute a tax or special assessment from which the authority is exempt under the provisions of G. L. c. 121B, § 16.[4] On cross motions for summary judgment brought in the board's action for a declaratory judgment, a judgment entered in the Superior Court declaring that the town's charges did not constitute a tax or special assessment and that the authority was bound to pay them under G. L. c. 83, § 16.

1. An analysis of whether the charges involved constitute a permitted user charge or fee, as the board contends, or a tax, as the authority argues, requires the application of principles set out in *Emerson College* v. *Boston*, 391 Mass. 415 (1984). "Fees imposed by a governmental entity tend to fall into one of two principal categories: user fees, based on the rights of the entity as proprietor of the instrumentalities used, *Opinion of the Justices*, 250 Mass. 591, 597 (1924), or regulatory fees (including licensing and inspection fees), founded on the police power to regulate particular businesses or activities, *id*. at 602. See *Boston* v. *Schaffer*, 9 Pick. 415, 419 (1830); P. Nichols, Taxation in Massachusetts 6-9 (3d ed. 1938). Such fees share common traits that distinguish them from taxes: they are charged in exchange for a particular governmental service which benefits the party paying the fee in a manner 'not shared by other members of society,' *National Cable Television Assn.* v. *United States*, 415 U.S. 336, 341 (1974); they are paid by choice, in that the party paying the fee has the option of not utilizing the governmental service and thereby avoiding the charge, *Vanceburg* v. *FERC*, 571 F.2d 630, 644 n.48 (D.C.

Protection Agency under the Clean Water Act of 1977. See 33 U.S.C. §§ 1251 (1982) et seq. "The intent of the Act with respect to user charges is to distribute the cost of operation and maintenance of publicly owned treatment works to the pollutant source and to promote self-sufficiency of treatment works with respect to operation and maintenance costs." 40 C.F.R. Pt. 35, Subpt. E, App. B(c).

[4] "The real estate and tangible personal property of . . . a housing authority . . . shall be exempt from taxation and from betterments and special assessments . . . ."

Cir. 1977), cert. denied, 439 U.S. 818 (1978), and the charges are collected not to raise revenues but to compensate the governmental entity providing the services for its expenses" (footnote omitted). *Emerson College* v. *Boston*, 391 Mass. at 424-425. See *Southview Co-op. Housing Corp.* v. *Rent Control Bd. of Cambridge*, 396 Mass. 395, 402 (1985); *Commonwealth* v. *Caldwell*, 25 Mass. App. Ct. 91, 95 (1987). We think town sewer use charges in this case substantially satisfy the three-part test of the *Emerson College* case.

First, the benefits of the common sewers are conferred only on those who connect their particular sewers to them. The use of the common sewers is "a benefit distinct from that originally conferred by building it." *Carson* v. *Brockton Sewerage Commrs.*, 175 Mass. 242, 244 (1900), aff'd 182 U.S. 398 (1901). The benefits are thus "sufficiently particularized," see *Emerson College*, 391 Mass. at 425, so as to qualify the user charge as a fee.

Second, although one connecting a particular sewer to the common sewers must pay the user charges, the charges nevertheless are only imposed on those choosing to use the service. See *Southview Co-op. Housing Corp.* v. *Rent Control Bd. of Cambridge*, 396 Mass. at 402. The burden of proof was on the authority to show that the charges were not fees but taxes. See *id.* at 403. "In the absence of an appropriate health and safety measure requiring a sewer connection . . . we seem to have assumed that the use of the common sewer is a matter for decision by the owner." *Fluharty* v. *Board of Selectmen of Hardwick*, 382 Mass. 14, 17 (1980). There is nothing in the record before us to indicate that the authority did not have the choice whether to utilize the town's common sewers.

Third, the user charges are based upon a percentage of yearly metered water consumption. They are imposed to compensate the town for its costs of operation and maintenance of the common sewer system and any assessment from the Massachusetts Water Resources Authority or the Metropolitan District Commission for the collection and treatment of waste water from the town. The defendant makes no argument that there

is a lack of a reasonable relationship between the charges and the costs of operating and maintaining the system. See *Southview Co-op. Housing Corp.* v. *Rent Control Bd. of Cambridge*, *supra* at 402-403; *Commonwealth* v. *Caldwell, supra* at 96-97.

The view we take that sewer use charges are fees and not taxes is shared by the great majority of jurisdictions which have considered the question. See the cases collected in Antieau, Municipal Corporation Law § 19D.04 (1988); McQuillin, Municipal Corporations § 31.30a (3d ed. 1983 & Supp. 1988); Rhyne, Municipal Law § 20.5 (1957).

The authority argues that the power conferred on municipalities to commit delinquent sewer use charges as a part of the real estate tax, see G. L. c. 83, §§ 16B-16D, shows a legislative intent to treat the charges as taxes for all purposes. Those statutes, however, distinguish between a "charge" and a "tax". Indeed, § 16C provides for commitment of delinquent charges on tax-exempt property "as a tax." The Legislature's intent to preserve the distinction between charges and taxes is made abundantly clear in G. L. c. 83, § 16G, which deals with the deferral of charges due from certain elderly persons entitled to real estate tax exemptions. The statutory scheme simply authorizes, as one means of collection, an expeditious method already in place.

2. The authority argues in the alternative that the user charges are special assessments, from which it is exempt under G. L. c. 121B, § 16. "Special assessments may be imposed for local improvements which enhance the value of real property, provided the assessments are not in substantial excess of the benefits received." *Emerson College* v. *Boston*, 391 Mass. at 418 n.5. Here, the annual sewer use charges are not imposed for any improvement which enhances value but for the use of an existing system. Compare G. L. c. 80, § 1; c. 83, §§ 14, 15 & 17. See *Exeter Realty Corp.* v. *Bedford*, 356 Mass. 399, 403 (1969).

*Judgment affirmed.*